**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **FOTOMEDIA TECHNOLOGIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. _____ |
| | ) | |
| **FACEBOOK INC.,** | ) | |
| **MYSPACE, INC,** | ) | **JURY TRIAL DEMANDED** |
| **TAGGED, INC.,** | ) | |
| **INSIDER GUIDES, INC.,** | ) | |
| **and** | ) | |
| **MEMORY LANE, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff FotoMedia Technologies, LLC ("FotoMedia") by and through its undersigned counsel, files this Original Complaint against Facebook, Inc., MySpace, Inc., Tagged, Inc., Insider Guides, Inc., and Memory Lane, Inc (collectively "Defendants") and alleges as follows:

**PARTIES**

1.      Plaintiff FotoMedia Technologies, LLC is a Delaware limited liability company having a place of business at 155 Fleet Street, Portsmouth, New Hampshire 03801.

2.      Upon information and belief, Defendant Facebook, Inc. ("Facebook") is a corporation existing under the laws of Delaware, with a principal place of business at 1601 South California Avenue, Palo Alto, California 94304.

3.      Upon information and belief, Insider Guides, Inc. d/b/a myyearbook.com ("Insider Guides") is a corporation existing under the laws of Delaware, with a principal place of business at 280 Union Square Drive, New Hope, Pennsylvania 18938.

4.      Upon information and belief, Defendant MySpace, Inc. ("MySpace") is a corporation existing under the laws of Delaware, with headquarters in Beverly Hills, California.

5.      Upon information and belief, Defendant Tagged, Inc. ("Tagged") is a corporation existing under the laws of Delaware, with a principal place of business at 110 Pacific Avenue, San Francisco, California 94111.

6.      Upon information and belief, Memory Lane, Inc. ("Memory Lane") is a corporation existing under the laws of Washington, with a principal place of business at 2001 Lind Avenue SW, Suite 500, Renton, Washington 98055.

## JURISDICTION AND VENUE

7.      This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, and 281-85.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over each Defendant because each Defendant has sufficient minimum contacts with the forum given the business conducted in Delaware and in the District of Delaware.  In addition, each Defendant, directly or through intermediaries (including subsidiaries, distributors, third party administrators, etc.) makes, uses, licenses, sells, offers for sell, imports, advertises, makes available and/or markets products and services in the State of

Delaware and in this judicial district that infringe the patents-in-suit, as described more particularly below.

10.     Defendant Facebook is a corporation existing under the laws of Delaware.  Facebook directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), provides, makes, uses, licenses, sells, offers for sell, imports, advertises, makes available and/or markets products and services in the State of Delaware and the District of Delaware that infringe some or all of the patents-in-suit as described more particularly below.

11.     Defendant MySpace is a corporation existing under the laws of Delaware.  MySpace directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), provides, makes, uses, licenses, sells, offers for sell, imports, advertises, makes available and/or markets products and services in the State of Delaware and the District of Delaware that infringe some or all of the patents-in-suit as described more particularly below.

12.     Defendant Tagged is a corporation existing under the laws of Delaware.  Tagged directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), provides, makes, uses, licenses, sells, offers for sell, imports, advertises, makes available and/or markets products and services in the State of Delaware and the District of Delaware that infringe some or all of the patents-in-suit as described more particularly below.

13.     Defendant Insider Guides is a corporation existing under the laws of Delaware.  Insider Guides directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), provides, makes, uses, licenses, sells, offers for sell, imports, advertises, makes available and/or markets products and services in the State of Delaware and the District of Delaware that infringe some or all of the patents-in-suit as described more particularly below.

14.      Defendant Memory Lane is a corporation existing under the laws of the state of

Washington.  Memory Lane directly and/or through intermediaries (including subsidiaries,

distributors, third party administrators, etc.), provides, makes, uses, licenses, sells, offers for sell,

imports, advertises, makes available and/or markets products and services in the State of

Delaware and the District of Delaware that infringe some or all of the patents-in-suit as described

more particularly below.

15.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## BACKGROUND

16.      On May 2, 2000, the United States Patent and Trademark Office ("USPTO") duly and

legally issued United States Patent No. 6,058,399 ("the '399 patent"), entitled "File Upload

Synchronization."  FotoMedia holds all right, title, and interest in and to the '399 patent (a true

and correct copy of which is attached hereto as **Exhibit A**).

17.      On November 27, 2001, the USPTO duly and legally issued United States Patent No.

6,324,545 ("the '545 patent"), entitled "Personalized Photo Album."  FotoMedia holds all right,

title, and interest in and to the '545 patent (a true and correct copy of which is attached hereto as

**Exhibit B**).

18.      On October 23, 2007, the USPTO duly and legally issued United States Patent No.

7,287,088 ("the '088 patent"), entitled "Transmission Bandwidth and Memory Requirements

Reduction in a Portable Image Capture Device by Eliminating Duplicate Image Transmissions."

FotoMedia holds all right, title, and interest in and to the '088 patent (a true and correct copy of

which is attached hereto as **Exhibit C**).

4

19.     On September 8, 2009, the USPTO duly and legally issued United States Patent No. 7,587,514 ("the '514 patent"), entitled "Transmission Bandwidth and Memory Requirements Reduction in a Portable Image Capture Device."  FotoMedia holds all right, title, and interest in and to the '514 patent (a true and correct copy of which is attached hereto as **Exhibit D**).

20.     On April 6, 2010, the USPTO duly and legally issued United States Patent No. RE41,210 ("the '210 patent"), entitled "Method and Apparatuses for Transferring Data for Multiple Applications Through a Single Communication Link in Response to Authentication Information."  FotoMedia holds all right, title, and interest in and to the '514 patent (a true and correct copy of which is attached hereto as **Exhibit E**).

21.     On January 4, 2011, the USPTO duly and legally issued United States Patent No. 7,865,623 ("the '623 patent"), entitled "Electronic Image Processing System."  FotoMedia holds all right, title, and interest in and to the '623 patent (a true and correct copy of which is attached hereto as **Exhibit F**).

22.     Facebook owns, operates, or otherwise controls photo-sharing websites, including www.facebook.com.

23.     MySpace owns, operates, or otherwise controls photo-sharing websites, including www.myspace.com.

24.     Tagged owns, operates, or otherwise controls photo-sharing websites, including www.tagged.com.

25.     Insider Guides owns, operates, or otherwise controls photo-sharing websites, including www.myyearbook.com.

26.     Memory Lane owns, operates, or otherwise controls photo-sharing websites, including www.classmates.com.

27.     Upon information and belief, Defendants make, use, license, sell, offer for sale, or import in the State of Delaware, in this judicial district, and elsewhere in the United States photo-sharing website services that infringe at least one of the '399, '545, '088, '514, '210, or '623 patents, as well as related services.

## COUNT I: INFRINGEMENT OF THE '399 PATENT

28.     FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 27.

29.     Defendants Facebook, Tagged and MySpace (the "'399 Defendants") have been and now are directly infringing the '399 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, and/or importing photo-sharing website services and associated file upload services, as well as related services covered by one or more claims of the '399 patent, all to the injury of FotoMedia.

30.     The '399 Defendants have been and now are contributorily infringing the '399 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by knowingly providing infringing photo-sharing website services and associated file upload services, as well as related services covered by one or more claims of the '399 patent, all to the injury of FotoMedia.

31.     The '399 Defendants have been and now are inducing infringement of the '399 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by inducing third parties to use the respective '399 Defendants' infringing photo-sharing website services and associated file upload services, as well as related services covered by one or more claims of the '399 patent, all to the injury of FotoMedia.

32.     Each of the '399 Defendants has actual knowledge of the '399 patent at least as early as the filing of this complaint.

33.     Each of the '399 Defendants provides services whose use directly infringes the '399 patent.  Upon information and belief, none of these services has a substantial non-infringing use. In addition, the '399 Defendants actively induce their users to infringe the '399 patent by using the photo-sharing website services and associated file upload services.  For example, each of the '399 Defendants provides a service where a user uses an interactive connection to select one or more photos to upload and subsequently transfers those photos using a data transfer connection, both of which connections are associated with a single session ID.

34.     FotoMedia has been damaged by the '399 Defendants' infringement of the '399 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless the '399 Defendants are permanently enjoined from infringing the '399 patent.

## COUNT II: INFRINGEMENT OF THE '545 PATENT

35.     FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 27.

36.    Defendants Facebook, Tagged, Insider Guides, Memory Lane, and, upon information and belief, MySpace  (the "'545 Defendants") have been and now are directly infringing the '545 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, and/or importing photo-sharing website services and personalized photo album services, as well as related services covered by one or more claims of the '545 patent, all to the injury of FotoMedia.

37.    The '545 Defendants have been and now are contributorily infringing the '545 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by knowingly providing infringing photo-sharing website services and personalized photo album services, as well as related services covered by one or more claims of the '545 patent, all to the injury of FotoMedia.

38.    The '545 Defendants have been and now are inducing infringement of the '545 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by inducing third parties to use the respective '545 Defendants' infringing photo-sharing website services and personalized photo album services, as well as related services covered by one or more claims of the '545 patent, all to the injury of FotoMedia.

39.    Each of the '545 Defendants has actual knowledge of the '545 patent at least as early as the filing of this complaint.

40.    Each of the '545 Defendants provides services whose use directly infringes the '545 patent.  Upon information and belief, none of these services has a substantial non-infringing use. In addition, the '545 Defendants actively induce their users to infringe the '545 patent by using the photo-sharing website services and personalized photo album services.  For example, each of

the '545 Defendants provides a service in which images of a user that have been identified as including the user are incorporated into a personalized photo album of the user.

41.    FotoMedia has been damaged by the '545 Defendants' infringement of the '545 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless the '545 Defendants are permanently enjoined from infringing the '545 patent.

## COUNT III: INFRINGEMENT OF THE '088 PATENT

42.    FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 27.

43.    Defendants Facebook, Tagged, MySpace, and Insider Guides (the "'088 Defendants") have been and now are directly infringing the '088 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, and/or importing photo-sharing website services and services for uploading and manipulating images from portable image capture devices as well as related services covered by one or more claims of the '088 patent, all to the injury of FotoMedia.

44.    The '088 Defendants have been and now are contributorily infringing the '088 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by knowingly providing infringing photo-sharing website services and services for uploading and manipulating images from portable image capture devices, as well as related services covered by one or more claims of the '088 patent, all to the injury of FotoMedia.

45.    The '088 Defendants have been and now are inducing infringement of the '088 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by inducing

third parties to use the respective '088 Defendants' infringing photo-sharing website services and services for uploading and manipulating images from portable image capture devices, as well as related services covered by one or more claims of the '088 patent, all to the injury of FotoMedia.

46.     Each of the '088 Defendants has actual knowledge of the '088 patent at least as early as the filing of this complaint.

47.     Each of the '088 Defendants provides services whose use directly infringes the '088 patent.  Upon information and belief, none of these services has a substantial non-infringing use. In addition, the '088 Defendants actively induce their users to infringe the '088 patent by using the photo-sharing website services and services for uploading and manipulating images from portable image capture devices.  For example, each of the '088 Defendants provides a software application usable by a portable image capture device to upload and manipulate images. Alternatively, each of the '088 Defendants provides a website usable by a portable image capture device to upload and manipulate images.

48.     FotoMedia has been damaged by the '088 Defendants' infringement of the '088 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless the '088 Defendants are permanently enjoined from infringing the '088 patent.

## COUNT IV: INFRINGEMENT OF THE '514 PATENT

49.     FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 27.

50.     Defendants Facebook, Tagged, MySpace, and Insider Guides (the "'514 Defendants") have been and now are directly infringing the '514 patent in the State of Delaware, in this

judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, and/or importing photo-sharing website services for uploading and manipulating images from portable image capture devices, as well as related services covered by one or more claims of the '514 patent, all to the injury of FotoMedia.

51.     The '514 Defendants have been and now are contributorily infringing the '514 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by knowingly providing infringing photo-sharing website services and services for uploading and manipulating images from portable image capture devices, as well as related services covered by one or more claims of the '514 patent, all to the injury of FotoMedia.

52.     The '514 Defendants have been and now are inducing infringement of the '514 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by inducing third parties to use the respective '514 Defendants' infringing photo-sharing website services and services for uploading and manipulating images from portable image capture devices, as well as related services covered by one or more claims of the '514 patent, all to the injury of FotoMedia.

53.     Each of the '514 Defendants has actual knowledge of the '514 patent at least as early as the filing of this complaint.

54.     Each of the '514 Defendants provides services whose use directly infringes the '514 patent.  Upon information and belief, none of these services has a substantial non-infringing use. In addition, the '514 Defendants actively induce their users to infringe the '514 patent by using the photo-sharing website services and services for uploading and manipulating images from portable image capture devices.  For example, each of the '514 Defendants provides a software application usable by a portable image capture device to upload and manipulate images.

Alternatively, each of the '514 Defendants provides a website usable by a portable image capture device to upload and manipulate images.

55.     FotoMedia has been damaged by the '514 Defendants' infringement of the '514 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless the '514 Defendants are permanently enjoined from infringing the '514 patent.

## COUNT V: INFRINGEMENT OF THE '210 PATENT

56.     FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 27.

57.     Defendants Facebook, MySpace, Tagged and Insider Guides (the "'210 Defendants") have been and now are directly infringing the '210 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, and/or importing photo-sharing website services and providing access to restricted content, as well as related services covered by one or more claims of the '210 patent, all to the injury of FotoMedia.

58.     The '210 Defendants have been and now are contributorily infringing the '210 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by knowingly providing infringing photo-sharing website services and providing access to restricted content, as well as related services covered by one or more claims of the '210 patent, all to the injury of FotoMedia.

59.     The '210 Defendants have been and now are inducing infringement of the '210 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by inducing

12

third parties to use the respective '210 Defendants' infringing photo-sharing website services and providing access to restricted content, as well as related services covered by one or more claims of the '210 patent, all to the injury of FotoMedia.

60.     Each of the '210 Defendants has actual knowledge of the '210 patent at least as early as the filing of this complaint.

61.     Each of the '210 Defendants provides services whose use directly infringes the '210 patent.  Upon information and belief, none of these services has a substantial non-infringing use. In addition, the '210 Defendants actively induce their users to infringe the '210 patent by using the photo-sharing website services and providing access to restricted content.  For example, each of the '210 Defendants provides users with the ability to restrict access to content only to certain other users where such content is viewable in a separate application.

62.     FotoMedia has been damaged by the '210 Defendants' infringement of the '210 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless the '210 Defendants are permanently enjoined from infringing the '210 patent.

## <u>COUNT VI: INFRINGEMENT OF THE '623 PATENT</u>

63.     FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 27.

64.     Defendants Facebook, MySpace, Insider Guides, and Memory Lane (the "'623 Defendants") have been and now are directly infringing the '623 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, and/or importing photo-sharing website services and

associated electronic notifications related to images, as well as related services covered by one or more claims of the '623 patent, all to the injury of FotoMedia.

65.    The '623 Defendants have been and now are contributorily infringing the '623 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by knowingly providing infringing photo-sharing website services and associated electronic notifications related to images, as well as related services covered by one or more claims of the '623 patent, all to the injury of FotoMedia.

66.    The '623 Defendants have been and now are inducing infringement of the '623 patent in the State of Delaware, in this judicial district, and elsewhere in the United States by inducing third parties to use the respective '623 Defendants' infringing photo-sharing website services and associated electronic notifications related to images, as well as related services covered by one or more claims of the '623 patent, all to the injury of FotoMedia.

67.    Each of the '623 Defendants has actual knowledge of the '623 patent at least as early as the filing of this complaint.

68.    Each of the '623 Defendants provides services whose use directly infringes the '623 patent.  Upon information and belief, none of these services has a substantial non-infringing use. In addition, the '623 Defendants actively induce their users to infringe the '623 patent by using the photo-sharing website services and associated electronic notifications related to images.  For example, each of the '623 Defendants provides users with the ability to share images with other individuals by creating and sending an electronic message with a uniform resource locator (URL) link to the shared image.

69.     FotoMedia has been damaged by the '623 Defendants' infringement of the '623 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless the '623 Defendants are permanently enjoined from infringing the '623 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FotoMedia Technologies, LLC prays for the following relief against Defendants:

A.      A judgment in favor of FotoMedia that the '399 Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '399 patent;

B.      A judgment in favor of FotoMedia that the '545 Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '545 patent;

C.      A judgment in favor of FotoMedia that the '088 Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '088 patent;

D.      A judgment in favor of FotoMedia that the '514 Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '514 patent;

E.      A judgment in favor of FotoMedia that the '210 Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '210 patent;

F.      A judgment in favor of FotoMedia that the '623 Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '623 patent;

G.      A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing, inducing the infringement of, or contributing to the infringement of one or more of FotoMedia's '399, '545, '088, '514, '210, or '623 patents;

H.      A judgment and order requiring Defendants to pay FotoMedia damages for the infringement of one or more of FotoMedia's '399, '545, '088, '514, '210, or '623 patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

I.      A finding that this case is exceptional under 35 U.S.C. § 285 and that FotoMedia is entitled to reasonable attorney's fees, and

J.      Such other and further relief in law or in equity to which FotoMedia may be justly entitled.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on any and all issues triable of right before a jury.

Dated:  September 15, 2011                    Respectfully Submitted,


                                              _  /s/ Kenneth L. Dorsney_____
                                              P. Clarkson Collins, Jr. (I.D. #739)
                                              Kenneth L. Dorsney (I.D. #3726)
                                              **MORRIS JAMES LLP**
                                              500 Delaware Avenue, Suite 1500
                                              Wilmington, Delaware 19801-1494
                                              (302) 888-6800
                                              Email: pcollins@morrisjames.com
                                              Email: kdorsney@morrisjames.com


                                              William H. Boice
                                              **KILPATRICK TOWNSEND & STOCKTON LLP**
                                              1100 Peachtree Street, Suite 2800
                                              Atlanta, GA  30309
                                              (404) 815-6500
                                              (404) 815-6555 (fax)
                                              Email: bboice@kilpatricktownsend.com

                                              Steven D. Gardner
                                              E. Danielle Thompson Williams
                                              Carl Sanders
                                              **KILPATRICK TOWNSEND & STOCKTON LLP**
                                              1001 West Fourth Street
                                              Winston-Salem, North Carolina 27101
                                              (336) 607-7300
                                              (336) 607-7500 (fax)
                                              Email: sgardner@kilpatricktownsend.com
                                              Email: dtwilliams@kilpatricktownsend.com
                                              Email: csanders@kilpatricktownsend.com


                                              *ATTORNEYS FOR PLAINTIFF*
                                              *FOTOMEDIA TECHNOLOGIES, LLC*